**FANGWEN YANG, also known as Fang Wen Yang, Petitioner**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General, Respondent.**

**No. 10–60138**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Dec. 20, 2010.

826

Fangwen Yang, New York, NY, pro se.

Theodore C. Hirt, Gregory Michael Kelch, Tangerlia Cox, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM: *

Petitioner Fangwen Yang, a citizen of China, petitions for review of the Board of

Immigration Appeals' (BIA's) decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Yang based his applications on his resistance to China's family planning policy.

At the merits hearing before the Immigration Judge (IJ), Yang testified that, a month after the birth of their first child in 1998, he and his wife, Lin Xiu Xia, were told by the Chinese government that Xia was required to have an intrauterine device (IUD) inserted. Xia had the IUD secretly removed in 2000. After government officials learned that Xia was pregnant, they took her to a hospital and forced her to have an abortion. When he located Xia at the hospital after the abortion, Yang cursed the family planning officers, who reacted by beating him. At some point after the abortion, Xia had another IUD inserted against her will. Yang left China thereafter because he opposed its family planning policy.

The Attorney General has the discretion to grant asylum to refugees. 8 U.S.C. § 1158(b)(1); *Jukic v. INS*, 40 F.3d 747, 749 (5th Cir.1994). A refugee is a person who is outside his country and unable or unwilling to return because of persecution or a well-founded fear of persecution and who has demonstrated that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason" for the persecution. § 1158(b)(1)(B)(i); 8 U.S.C. § 1101(a)(42). Additionally, one who has been persecuted for resistance "to a coercive population control program" is considered "to have been persecuted on account of political opinion, and a person who has a well founded fear that he" will face "perse-

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

cution for such ... resistance shall be deemed to have a well founded fear of persecution on account of political opinion." § 1101(a)(42). An applicant's wife's forced abortion does not make the applicant presumptively eligible for asylum or withholding of removal, and to prove eligibility he must show that he suffered persecution or has the requisite fear of future persecution on account of his resistance to a coercive population control program. *In re J–S–*, 24 I. & N. Dec. 520 (BIA 2008).

To demonstrate persecution, an applicant must show "that harm or suffering will be inflicted on [the applicant] in order to punish him for possessing a belief or characteristic a persecutor sought to overcome." *Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir.2004) (internal quotation marks, punctuation, and citation omitted). "The harm or suffering need not be physical, but may take other forms, such as the deliberate imposition of severe economic disadvantage or the deprivation of liberty, food, housing, employment or other essentials of life." *Abdel–Masieh v. INS*, 73 F.3d 579, 583 (5th Cir.1996) (internal quotation marks omitted). Persecution must consist of extreme conduct. *Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir.2006).

The "well-founded fear" requirement has both a subjective and objective component. *Mikhael v. INS*, 115 F.3d 299, 304 (5th Cir.1997). The applicant must subjectively fear persecution, and that subjective fear must be objectively reasonable. *Eduard v. Ashcroft*, 379 F.3d 182, 189 (5th Cir.2004). Proof of a well-founded fear of persecution requires the petitioner to "show that a reasonable person in the same circumstances would fear persecution if deported." *Jukic*, 40 F.3d at 749. Because Yang seeks relief based on his political opinion, he must demonstrate some particularized connection between that opinion and the feared persecution. *See*

*Faddoul v. INS*, 37 F.3d 185, 188 (5th Cir.1994).

"In the context of coercive family planning, the term 'resistance' covers a wide range of circumstances, including expressions of general opposition, attempts to interfere with enforcement of government policy in particular cases, and other overt forms of resistance to the requirements of the family planning law." *In re S–L–L*, 24 I. & N. Dec. 1, 10 (BIA 2006) (en banc), *overruled on other grounds, In re J–S–*, 24 I. & N. Dec. at 521. We give "considerable deference to the BIA's interpretation of the legislative scheme it is entrusted to administer." *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir.2007) (internal quotation marks and citation omitted).

The BIA determined that even if Yang had demonstrated the requisite resistance, he had not demonstrated past persecution or a well-founded fear of future persecution and thus was not entitled to asylum. It also determined that Yang had not demonstrated a clear probability that his life or freedom would be threatened if he returned to China and that he was therefore not entitled to withholding of removal. Additionally, the BIA determined that Yang would not likely face torture if he returned to China. The IJ had made the same determinations with respect to the claims for withholding of removal and CAT protection and as an alternative basis for rejecting Yang's asylum claim.

Even if Yang's confrontation at the hospital constituted the requisite resistance to a coercive family planning policy, there was no proof that he was persecuted or that he has a well-founded fear of persecution because of such resistance. The record fails to show that the authorities' treatment of Yang was so egregious as to constitute persecution. *See Mikhael*, 115 F.3d at 304 & n. 4. Second, Yang does not show that he would face mistreatment,

based on resistance, past or future, if he returns to China; thus, his professed subjective fear of persecution is not objectively reasonable. *See Eduard,* 379 F.3d at 189. An applicant for withholding of removal must show a clear probability that his life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion if he is returned to his country of origin. *Chen v. Gonzales,* 470 F.3d 1131, 1138 (5th Cir.2006). This clear-probability standard requires a showing of "a higher objective likelihood of persecution than that required" to prevail on an application for asylum. *Chen,* 470 F.3d at 1138. Because the evidence does not compel the conclusion that Yang has satisfied even the lower objective standard for asylum, it necessarily follows that Yang is ineligible for withholding of removal. *See id.*

Yang failed to brief his CAT claim and consequently has waived it. *See Chambers v. Mukasey,* 520 F.3d 445, 448 n. 1 (5th Cir.2008). Also, he has failed to demonstrate that he was substantially prejudiced by any procedural failures; he has merely shown that he did not agree with the IJ's determinations and, ultimately, the BIA's conclusions. Yang has thus waived his due process claim. *See Chambers,* 520 F.3d at 448 n. 1.

PETITION DENIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.